UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| MARITIME GROUP CO., |
|                                         Plaintiff, |
| -against- |
| ENTRAC, INC., |
|                                         Defendant. |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/13/2019

**OPINION & ORDER OF JUDGMENT**
**18-CV-4924 (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      This case was initiated on June 4, 2018 as a result of Defendant Entrac, Inc. ("Entrac") failing to deliver certain goods to Plaintiff Maritime Group Co. ("Maritime Group") under three sales contracts. (ECF. No. 4 ("Compl.")) Maritime Group is in the business of supplying heavy machinery parts to shipping companies in the Middle East. (Compl. ¶ 3) In 2016, Maritime Group received three orders from a customer for Caterpillar parts. (Compl. ¶ 8) Maritime Group contracted with Entrac to fulfill the orders. (*Id.*) Under the contracts, the customer was to arrange delivery of the parts from Entrac's warehouse in New Jersey to Egypt. (*Id.*) Maritime Group facilitated the opening of three irrevocable letters of credit by the customer in favor of Entrac with an Egyptian issuing bank. (Compl. ¶ 9)

      Entrac packed the shipments and commenced the shipment of parts using its own freight forwarder through New York as the port of loading. (Compl. ¶ 14) Although the shipping documents listed all items ordered, when the shipment arrived, Maritime Group and its customer learned that in fact parts were missing from the shipment. (Compl. ¶¶ 14, 16) Before the shipments were received, but after Entrac represented that all the parts had been

shipped, Entrac collected amounts under the letters of credit and received full payment for the shipments. (Compl. ¶ 15)

After an unsuccessful attempt to correct the situation and obtain and ship the missing parts, Maritime Group requested a refund for the undelivered parts. (Compl. ¶¶ 16-19) Entrac ultimately agreed that it had failed to deliver the parts and to refund Maritime Group and its customer $66,000. (Compl. ¶ 24) However, Entrac failed to fulfill that agreement and refund the money. (*Id.*) The issues with the order caused Maritime Group to lose business from the customer, which resulted in additional economic damages, causing its total loss from Entrac's breach to exceed $75,000. (Compl. ¶¶ 25-26, 32) As a result, Maritime Group brought this action asserting various claims against Entrac, including breach of contract. (Compl.)

After the case was filed, the parties participated in a settlement conference before the undersigned on January 15, 2019 and reached a settlement. (ECF No. 21) On February 5, 2019, the parties executed a formal settlement agreement pursuant to which Entrac agreed to pay Maritime Group $100,000 in three installments over 90 days. (ECF No. 34-3) As required by the settlement agreement, and to ensure that Entrac would pay the settlement amount, Entrac executed an Affidavit of Confession of Judgment.[1] (*Id.*) Entrac's President and Chief Executive Officer signed the affidavit. (*Id.*) Under that affidavit, Entrac agreed that it is a debtor of

---

[1] A confession of judgment "is a device whereby defendants admit that they owe the plaintiff a certain sum of money and consent to a judgment being entered against them for that amount; if they fail to make payments on the debt according to a specified schedule, the judgment may then be enforced." 2PT1 West's McKinney's Forms Civil Practice Law and Rules § 5:273; *see also Canfield v. Elmer E. Harris & Co.,* 252 N.Y. 502, 505 (1930). Confessions of judgment are often used to facilitate payment of debt in settlement of a lawsuit, as they "allow[ ] a creditor to avoid formal, lengthy, and expensive legal proceedings in order to collect from his debtor." *Alland v. Consumers Credit Corp.,* 476 F.2d 951, 957 (2d Cir.1973).

settlement consideration. (*Id.*) It also agreed if it did not pay any portion of the settlement amount, it consented to judgment being entered against it for any balance remaining plus an amount equal to the balance due as a penalty for defaulting. (*Id.*) It also agreed that in the event of a default, Maritime Group would be entitled to allowable costs and filing fees. (*Id.*) The parties consented to the jurisdiction of the undersigned Magistrate Judge for all purposes, including entry of a final judgment, pursuant to 28 U.S.C. § 636(c). (ECF No. 31) And, this Court approved the settlement and retained jurisdiction of this matter for purposes of enforcement of the settlement. (ECF No. 33) The settlement agreement specifies that New York law governs the agreement. (ECF No. 34-3)

Entrac made the first installment payment of $35,000 but failed to timely make the second instalment payment of $35,000. (ECF No. 34-2, Decl. of Arvind Khurana ¶¶ 10-14; ECF No. 34-1, Affidavit of Mohamed Abu Elenin ¶¶ 4-7) Pursuant to the settlement agreement, Maritime Group notified Entrac and gave it a chance to cure. (ECF No. 34-2, Decl. of Arvind Khurana ¶ 11) Entrac thereafter made two payments totaling $35,000. (*Id.*) Entrac failed to make the third and last installment payment of $30,000, due May 6, 2019, triggering another notice of default from Maritime Group. (*Id.* at ¶¶ 12-13) Entrac failed to cure. Thus, $30,000 of the settlement payment remains outstanding. (*Id.* at ¶ 13)

Under the terms of the settlement agreement, and as agreed to by Entrac, Maritime Group now moves for an order seeking entry of judgment in its favor pursuant to the Affidavit of Confession of Judgment signed by Entrac in the amount of $60,000. (ECF No. 34) Plaintiff properly served its motion for entry of judgment on Entrac. Entrac then asked for an extension

of time to respond to June 10, 2019, which was granted. (ECF Nos. 35-36). But, Entrac did not file a response by that deadline. Accordingly, the Court grants Maritime Group's motion.

**DISCUSSION**

District courts have the power to enforce a settlement agreement where "the court makes 'the parties' obligation to comply with the terms of the settlement agreement . . . part of the order of dismissal—either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.'" *In re Am. Express Fin. Advisors Sec. Litig.,* 672 F.3d 113, 134 (2d Cir.2011) (alteration in original) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 381 (1994)). As noted above, this Court approved the terms of the settlement agreement and agreed to retain jurisdiction over this matter for purposes of its enforcement. (ECF No. 33) Thus, I have the power to enforce the settlement agreement between the parties.

A federal court also has the power to enter a confession of judgment where subject matter jurisdiction exists and the confession of judgment was made knowingly and voluntarily. *Xerox Corp. v. West Coast Litho, Inc.,* 251 F. Supp. 3d 534, 537-38 (W.D.N.Y. 2017); *see also Alland*, 476 F.2d at 954-55 (holding that district court properly entered a confessed judgment). If the confession of judgment satisfies these factors, the federal court may enter judgment as permitted by the laws of the state where the court is located. Fed. R. Civ. P. 64.

To start, there is no question that the Court has subject-matter jurisdiction over this action because there is complete diversity of citizenship insofar as Plaintiff is a foreign

corporation based in Egypt (Compl. ¶ 3) and Entrac is a New Jersey corporation (Compl. ¶ 4) and the amount in controversy exceeds $75,000.[2]  28 U.S.C. § 1332.

Second, there is no question that the Affidavit of Confession of Judgment was entered into knowingly and voluntarily.  I know this because I presided over the settlement conference and spoke directly with the parties and discussed the confession of judgment with Entrac's President.  Entrac agreed in my presence to provide a confession of judgment as a term of the settlement.  Additionally, Entrac was represented by competent and experienced counsel at the settlement conference.

Under New York law, confessions of judgment "may be entered, without an action . . . for money due or to become due . . . upon an affidavit executed by the defendant."  New York Civil Practice Law and Rules ("CPLR") § 3218.  The defendant's affidavit must state the "sum for which judgment may be entered, authoriz[e] the entry of judgment, and stat[e] . . . the county in which entry is authorized."  *Id.*  It also must state "concisely the facts out of which the debt arose and show[ ] that the sum confessed is justly due or to become due."  *Id.*; *Regency Club at Wallkill, LLC v. Bienish*, 95 A.D.3d 879, 879 (2d Dept. 2012).

This Court finds that the affidavit executed by Entrac complies with the requirements for entry of confessions of judgment under New York law insofar as it states that a judgment may be entered against Entrac in favor of Maritime Group "for the amount by which the aggregate of the Settlement Payments timely delivered to Maritime Group under the Installment Payment schedule set forth in Section 1 of the Settlement Agreement falls short of $100,000 (the

---

[2] Venue is proper in this District as well because a substantial part of the events or omissions on which Plaintiff's underlying claims are based occurred within this District.  28 U.S.C. §1391.

"Deficit") and [Naren Doshi, as President and Chief Executive Officer of Entrac] therefore authorize Maritime Group to enter judgment for [] two time (2x) the amount of the Deficit against Entrac."  (ECF No. 34-3)  It also authorizes entry of judgment in this Court.  (*Id.*)

I also find that there is ample reason to grant plaintiff's motion for a default judgment under Federal Rule of Civil Procedure 55 because there is no doubt that Entrac is in default by failing to pay the last installment of the settlement agreement and failing to respond to Maritime Group's motion.  Fed. R. Civ. P. 55.  There is no doubt that the default prejudiced Plaintiff insofar as it has delayed recovery of amounts due under the settlement agreement and caused Plaintiff to have to incur attorneys' fees and costs to collect the amounts due. Accordingly, I find that judgment should be entered in favor of Plaintiff and Plaintiff awarded the remaining amounts due under the settlement agreement pursuant to the Affidavit of Confession of Judgment.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion at ECF No. 34 is GRANTED.  The Clerk of Court is respectfully requested to enter judgment in favor of Plaintiff in the amount of $60,000.  To the extent Plaintiff seeks its filing fees and costs, it may make an application for same by no later than June 21, 2019.

**SO ORDERED.**

Dated:  June 13, 2019
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge